**GEORGE F. ALGER CO. OF DETROIT, MICH. et al.**

v.

**PECK et al.**

**No. 4032.**

United States District Court
S. D. Ohio, E. D.

Feb. 19, 1954.

On Reconsideration March 17, 1954.

Judgment Affirmed June 1, 1954.
See 74 S.Ct. 853.

See also, 74 S.Ct. 605.

Joseph B. Keenan, Joseph L. Nellis, Washington, D. C., Edmund M. Brady, Detroit, Mich., Taylor C. Burneson, Columbus, Ohio, for plaintiffs; Keenan & West, Washington, D. C., Matheson, Dixon & Brady, Detroit, Mich., of counsel.

William O'Neill, Atty. Gen., Joseph S. Gill, First Asst. Atty. Gen., for defendants.

Before ALLEN, Circuit Judge, and DRUFFEL and CECIL, District Judges.

DRUFFEL and CECIL, District Judges.

This case came on to be heard upon the motion of the Attorney General of Ohio, filed on behalf of the defendants to dismiss the within action on the ground that the court lacks jurisdiction over the subject matter by virtue of Title 28, Section 1341, United States Code; to dismiss the action because the amended complaint fails to state a claim against defendants upon which relief can be granted and to strike certain allegations from the plaintiffs' amended complaint: and upon a motion and application of the plaintiffs for an interlocutory injunction to be effective pending the final determination of the matters at issue herein, restraining and enjoining defendants from enforcing against the plaintiffs the provisions of Sections 5728.01 to 5728.14 inclusive, Revised Code of Ohio, insofar as the provisions thereof relate or purport to relate to the vehicles used and operated by plaintiffs in Interstate Commerce under the jurisdiction of the Interstate Commerce Commission upon and over the highways of the State of Ohio.

The motions were submitted to the court upon briefs and oral arguments of counsel;

On consideration whereof, the majority of the court finds that a plain, speedy and efficient remedy may be had in the courts of the State of Ohio.

It is, therefore, ordered that the motion of the Attorney General filed on behalf of the defendants to dismiss for the reason that the court lacks jurisdiction over the subject matter be, and it hereby is sustained and that the amended complaint of the plaintiffs be and is hereby dismissed.

The majority of the court having arrived at the conclusion that the amended complaint should be dismissed, considers that other motions and parts of motions to which reference is made above, present no questions for determination.

ALLEN, Circuit Judge (concurring).

Judge ALLEN concurs in the order of the majority of the court insofar as no restraining order is issued for the reason that it does not appear at this time that the plaintiffs will suffer any irreparable injury by reason of not issuing such restraining order.

Judge ALLEN dissents from the judgment of the majority of the court in dismissing the amended complaint of the plaintiffs for the reason that there is not a plain, speedy and efficient remedy in the courts of the State of Ohio.

On Reconsideration

This case came on to be heard upon the petition of plaintiffs filed March 1, 1954, petitioning the court to reconsider its order dismissing the plaintiffs' amended complaint entered February 19, 1954; to hear oral arguments upon said petition; to set aside the order of February 19, 1954; to find, conclude and adjudge that the court has jurisdiction to entertain the plaintiffs' amended complaint; to deny defendants' motion to strike certain allegations from the plaintiffs' amended complaint and to issue an interlocutory injunction to the plaintiffs, as prayed for in their amended complaint.

The petition was submitted to the court upon the brief of counsel and affidavit signed by Edmund M. Brady;

On consideration of said petition, brief and affidavit, the court finds that said petition should be overruled. It is, therefore, ordered that the petition to which reference is heretofore made in the first paragraph hereof, filed on behalf of the plaintiffs be and it hereby is overruled.