**PLANNED PARENTHOOD ASSOCIA-
TION et al., Plaintiffs,**

v.

**Gary K. NELSON, Attorney General of
the State of Arizona, et al.,
Defendants.**

**No. Civ. 70–334 PHX–CAM.**

United States District Court,
D. Arizona.

June 11, 1971.

Dushoff, Sacks & Corcoran, Phoenix, Ariz., Miller, Pitt & Feldman, Tucson, Ariz., for plaintiffs.

Gary K. Nelson, Atty. Gen., John R. Neubauer, Chief Civil Deputy Atty., Tucson, Ariz., Moise Berger, Maricopa County Atty., William Carter, Deputy County Atty., Phoenix, Ariz., Rose Silver, Pima County Atty., Tucson, Ariz., for defendants.

Edward Jacobson, Snell & Wilmer, Phoenix, Ariz., for Arizona Medical Ass'n, amicus curiae.

Sullivan & Mahoney, Phoenix, Ariz., for James W. Anderson, M. D., Earl J. Baker, M. D. and others, amicus curiae.

Before BROWNING, Circuit Judge, and MUECKE and COPPLE, District Judges.

## ORDER

MUECKE, District Judge.

The plaintiffs attack certain Arizona criminal statutes (A.R.S. 13–211, 13–212, 13–213) asking that a three-judge court be convened for the purpose of declaring said statutes unconstitutional on their face, and to enjoin the state from enforcing said statutes. None of the plaintiffs complain of any prosecution against themselves; either in the past, or pending, or threatened in the immediate future. None of the plaintiffs states that he intends to commit any of the acts prohibited by said statutes. The gravamen of the complaint is that the risk of criminal prosecution prevents the plaintiffs from performing certain acts, i. e., Planned Parenthood complains that it is prevented from "arranging for the performance of abortions on some of its clients" and from offering "its services by means of notices, advertisement and otherwise to assist in the accomplishment of the production or facilitation of a miscarriage or abortion, and for the prevention of conception." Dr. Robert Tamis complains that he is a licensed physician who is prevented from performing abortions on women who suffer from "diseases which present a substantial risk that the fetus will be born with

grave birth defects." The other plaintiffs are married couples who complain that they would be prevented from obtaining an abortion if the wife became pregnant, and if they then decided that they wanted an abortion.

The defendants having moved to dismiss the suit for lack of jurisdiction, and argument having been heard, this Court finds that it has no jurisdiction since plaintiffs have failed to present a justiciable case or controversy, have failed to show irreparable damage, and have failed to exhaust state remedies which afford adequate relief; further, if this Court could take jurisdiction, this would be a proper case for the exercise of discretion to refuse jurisdiction in the interests of comity.

### 1. PLAINTIFFS PRESENT NO CASE OR CONTROVERSY

■ Plaintiffs' attack is upon the bare wording of statutes rather than on any attempt or threat of enforcement of statutes which plaintiffs express no intention of violating. The dispute in this case is with the bare words on statute books, which words the plaintiffs claim have a chilling effect on certain constitutionally protected behavior. This is not the kind of "concrete" dispute needed for federal jurisdiction to declare a state statute unconstitutional and to enjoin its enforcement, within the meaning of Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 754, 27 L.Ed.2d 669; its companion cases, and the historic cases on which the *Younger* series of cases depend; thus:

"The power and duty of the judiciary to declare laws unconstitutional is in the final analysis derived from its responsibility for resolving *concrete* disputes brought before the courts for decision; a statute apparently governing a dispute cannot be applied by judges, consistently with their obligations under the Supremacy Clause, when such an application of the statute would conflict with the Constitution. Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). But

this vital responsibility, broad as it is, does not amount to an unlimited power to survey the statute books and pass judgment on laws before the courts are called upon to enforce them." (Emphasis supplied).

Plaintiffs' complaint is a classic example of a request for an advisory opinion, asking a federal court to advise in an entirely abstract hypothetic way, whether or not they may take certain action without fear of state prosecution. Plaintiffs are in the position of the appellants in International Longshoremen's and Ware. U. v. Boyd, 347 U.S. 222, 223–224, 74 S.Ct. 447, 448, 98 L.Ed. 650 (1954):

"Appellants in effect asked the District Court to rule that a statute the sanctions of which had not been set in motion against individuals on whose behalf relief was sought, because an occasion for doing so had not arisen, would not be applied to them if in the future such a contingency should arise. That is not a lawsuit to enforce a right; it is an endeavor to obtain a court's assurance that a statute does not govern hypothetical situations that may or may not make the challenged statute applicable. Determination of the scope and constitutionality of legislation in advance of its immediate adverse effect in the context of a concrete case involves too remote and abstract an inquiry for the proper exercise of the judicial function."

### 2. PLAINTIFFS HAVE NOT ALLEGED IRREPARABLE INJURY

■ *Younger* points out that where there is no showing of bad faith prosecution and harassment or "extraordinary circumstances" but only such injury as is "incidental to every criminal proceeding brought lawfully and in good faith" [91 S.Ct. at 752], there is no irreparable damage. Plaintiffs have alleged no bad faith or harassment, and make no allegations to meet the *Younger* test: " * * * the threat to the plaintiffs'

federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." 91 S.Ct. at 751.

Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696, a companion case to *Younger*, applied the *Younger* rationale to reverse a declaratory judgment and injunction in favor of plaintiffs who were not facing prosecution. Plaintiffs in *Boyle*, like plaintiffs here, complained that they were inhibited from performing certain constitutionally protected acts by overly broad state statutes. The Supreme Court found that there was no such showing of irreparable injury as would give a three-judge court jurisdiction to declare the statutes unconstitutional and to enjoin their enforcement. The finding of no irreparable injury was based upon facts that are quite similar to the present case, thus:

> "It is obvious that the allegations of the complaint in this case fall far short of showing any irreparable injury from threats or actual prosecutions under the intimidation statute or from any other conduct by state or city officials. Not a single one of the citizens who brought this action had ever been prosecuted, charged, or even arrested under the particular intimidation statute which the court below held unconstitutional. All the charges of the complaint deal broadly and generally with all the state statutes and city ordinances that the appellees originally challenged. In fact, the complaint contains no mention of any specific threat by an officer or official of Chicago, Cook County, or the State of Illinois to arrest or prosecute any one or more of the plaintiffs under that statute either one time or many times." 91 S.Ct. at 760.

3. PLAINTIFFS HAVE FAILED TO EXHAUST READILY AVAILABLE, ADEQUATE STATE REMEDIES

■ Plaintiffs not only have the remedy of vindicating their rights by means

of one criminal prosecution, found sufficient in *Younger* and *Boyle*, but they have a further adequate state remedy in the Arizona Uniform Declaratory Judgments Act, A.R.S. 12–1831 to 12–1846.

Plaintiff Planned Parenthood is well aware of the existence of this kind of state remedy, and has used this means to obtain a declaratory judgment which narrowed and defined one of the statutes involved here. See Planned Parenthood Committee v. Maricopa County, 92 Ariz. 231, 375 P.2d 719 (1962) declaring that certain activities of plaintiff were not prohibited by A.R.S. 13–213.

The United States Supreme Court, on May 17, 1971, affirmed a three-judge ruling that a physician who performed an abortion but who has not been prosecuted under a Minnesota abortion law is not entitled to a federal court declaration against its enforcement, where there is a state statute making declaratory relief available. Hodgson v. Randall, 402 U.S. 967, 91 S.Ct. 1656, 29 L.Ed.2d 132.

4. THE INTERESTS OF COMITY MAKE FEDERAL ACTION INAPPROPRIATE IN THIS CASE

■ All of the factors discussed above, including an attack on the statutes on their face, lack of a concrete dispute, failure to show irreparable damage, and the availability of state declaratory relief are factors to be considered in rejecting jurisdiction in the interest of comity. *Younger* describes "comity" thus:

> "The concept does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeav-

ors to do so in ways that will not unduly interfere with the legitimate activities of the States." 91 S.Ct. at 750–751.

Weighing the legitimate state and national interests involved in this case, and considering particularly the abstract nature of plaintiffs' complaint and the ready availability of state remedies, we find that the plaintiffs' need for a federal forum is not sufficiently great to override the interests of comity and justify federal interference with state activities.

The motion to dismiss the complaint and action is therefore granted.