**Jack W. WALKER et al., Plaintiffs-Appellants,**

v.

**John J. GILLIGAN, Governor, et al., Defendants-Appellees.**

**No. 73–1291.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1973.

Decided Nov. 16, 1973.

William J. Davis, Columbus, Ohio, for plaintiffs-appellants; Joseph Waterman, Columbus, Ohio, on brief.

Thomas V. Martin, Asst. Atty. Gen., for defendants-appellees; William J. Brown, Atty. Gen., Columbus, Ohio, on brief.

Before CELEBREZZE, PECK and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, husband and wife, brought an action in the District Court on behalf of themselves and all similarly situated married couples in the State of Ohio to test the constitutionality of Ohio Revised Code § 5747.-08(E), which provides that married couples filing a joint federal income tax return must also file a joint Ohio state income tax return. They claim that the Ohio statute creates an unreasonable classification in contravention of the Fourteenth Amendment and that it also violates their First Amendment rights. The District Court dismissed the application for lack of jurisdiction, relying on the Anti-Tax Injunction Act, 28 U.S. C. § 1341, which provides that:

> "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

**510**

We conclude that the District Court acted properly. First, it is well-settled that a single judge to whom application is made to convene a three-judge district court may dismiss the action if jurisdiction is lacking. Lion Manufacturing Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833, 840–841 (1964); Jacob v. Tawes, 250 F.2d 611, 614 (4th Cir. 1957). See also, Crossen v. Breckenridge, 446 F.2d 833, 837 (6th Cir. 1971). Clearly 28 U.S.C. § 2284 is directed to the manner in which a three-judge district court must function once it has been convened and therefore its provisions are invoked only when jurisdiction exists.

Second, we agree with the District Court that there does exist at state law a "plain, adequate and efficient" remedy, thus invoking the prohibition enunciated in § 1341. See, Alger v. Peck, 119 F.Supp. 812 (S.D.Ohio, 1954), aff'd per curiam, 347 U.S. 984, 74 S.Ct. 853, 98 L.Ed. 1148. In addition, federal courts have repeatedly expressed the judicial policy that anticipatory federal adjudication of state tax laws must be avoided where adequate state remedies exist. E. g., Lynch v. Household Finance Corp., 405 U.S. 538, 542 n. 6, 92 S.Ct. 113, 31 L.Ed.2d 424 (1972); Perez v. Ledesma, 401 U.S. 82, 127 n. 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (Brennan, J., concurring). Any unique considerations which may require an exception to that policy are not apparent here.

Third, even if such unique considerations would otherwise justify interference with the state tax collection, we conclude that the case should have been dismissed on the authority of Fox v. Norberg, 411 U.S. 911, 93 S.Ct. 1543, 36 L.Ed.2d 303 (1972). In a situation involving a similar statute and similar constitutional claims the Supreme Court therein dismissed the case for lack of a substantial federal question.

The judgment of the District Court is affirmed.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409.