Doctor Angel ACEVEDO MONTALVO, Plaintiff,

v.

Hon. Rafael HERNÁNDEZ COLÓN, Governor of the Commonwealth of Puerto Rico, and Hon. Francisco De Jesús Schuck, Secretary of Justice of the Commonwealth of Puerto Rico, Defendants.

Civ. No. 74–1073.

United States District Court, D. Puerto Rico.

Feb. 22, 1977.

Santos P. Amadeo, Río Piedras, P. R., for plaintiff.

Arturo Díaz, Asst. Dist. Atty., San Juan, P. R., for defendant.

## MEMORANDUM OPINION AND JUDGMENT

PESQUERA, District Judge.

Plaintiff, a practicing physician, filed a complaint requesting the convening of a three-judge court and seeking therefrom injunctive relief and a declaratory judgment. It is alleged that Articles 91, 92 and 93 of the Penal Code of Puerto Rico, which deal with prohibitions related to the practice of abortion, are unconstitutional because they are in conflict with the Free Speech and Free Press clauses of the Constitution of the United States, and particularly with the constitutional right to privacy as interpreted in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Doe v. Bolton*, 410 U.S. 179, 93 S.Ct. 739, 35 L.Ed.2d 201 (1973) and *Montalvo v. Colón*, D.C.Cir., 377 F.Supp. 1332, Civil No. 1113–73 (three-judge court) decided on June 18, 1974.

The aforementioned articles read as follows:

### Article 91. Abortion

"Every person who permits, indicates, advises, induces or practices an abortion, any person who provides, supplies, administers or prescribes or causes a pregnant woman to take any medicine, drug or substance or uses or employs any instrument or other means whatever with intent to procure the miscarriage of such woman, and any person who aids in the commission of any of such acts, except by therapeutic prescription made by a physician duly authorized to practice medicine in Puerto Rico, with a view to preserve the health or life of the mother, shall be punished by "imprisonment for a minimum term of two and a maximum of five years."

### Article 92. Abortion committed by the woman or consented to by her

"Every woman who solicits of any person any medicine, drug, or substance and takes the same, or who submits to any operation or to any other surgical intervention or to the use of any other means, for the purpose of procuring a miscarriage, unless the same is necessary to save her health or life, shall be punished by imprisonment for a term not less than one year nor more than five years."

### Article 93. Advertising means to procure abortion

"Every person who wilfully writes, composes or publishes any notice or advertisement of any medicine or means for producing or facilitating the abortion or who offers his services by any notice, advertisement or otherwise, to assist in the accomplishment of such purpose, shall be punished by imprisonment for a minimum term of one year and a maximum of five years."

We will consider the constitutional challenge to each article separately, for reasons that will become clear in the following opinion.

Before entering into actual consideration of the pleadings, we must ascertain whether plaintiff's claims meet the basic jurisdictional requirements of Article III and of 28 U.S.C.A. § 2201. *Crossen v. Breckenridge*, 6 Cir., 446 F.2d 833; *Poe v. Menghini*, 10 Cir., 339 F.Supp. 986. These jurisdictional prerequisites embrace two distinct elements. First, the parties must have the necessary standing and, second, they must present a justiciable issue. *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113; *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947. The standing requirement is satisfied where, after an examination of the substantive claims, there

appears to be a "logical nexus between the status asserted [by plaintiff] and the claim sought to be adjudicated". *Flast v. Cohen, supra* at p. 102, 88 S.Ct. at p. 1953.

■ A brief reading of Article 92 results in the evident conclusion that it is only applicable to women. Plaintiff cannot be prosecuted under said article, nor can he be, being a male, establish the necessary "logical nexus" between his alleged status and the petition for declaratory and injunctive relief. At any rate, he has failed to establish such indispensable relationship or any other injury in fact.[1] Wherefore, this action, inasmuch as is related to the specific constitutional challenge to Article 92 of the Penal Code of Puerto Rico, must be dismissed. *Roe v. Wade*, 410 U.S. 113, 127, 93 S.Ct. 705, 35 L.Ed.2d 147; *Tileston v. Ullman*, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603; *Sissons v. Office of Selective Service*, 9 Cir., 454 F.2d 279.

■ We now turn to the questions presented by the constitutional attack to Article 93 of the Penal Code. Plaintiff's averments pertaining this article present a "First Amendment case" and "not an abortion case". *Bigelow v. Virginia*, 421 U.S. 809, 815, n. 5, 95 S.Ct. 2222, 44 L.Ed.2d 600. Nevertheless, we must again remit ourselves to the question of justiciability. A justiciable controversy exists where plaintiffs with a personal stake and interest are arrayed against persons with adverse legal interests in a sufficiently immediate adversary context to warrant declaratory relief. *Golden v. Zwickler, supra*. We are well aware that it is not necessary that plaintiffs have violated the statute or that a prosecution be pending before the constitutional challenge may be entertained, so long as actual interference with fundamental rights is alleged or is shown. *Crossen v. Breckenridge*, 446 F.2d 833; *Doe v. Dunbar*, D.C. Cir., 320 F.Supp. 1297; *Poe v. Menghini, supra*, at p. 990.

It is alleged herein that plaintiff is planning to establish "in the City (sic) of San Juan, Puerto Rico a clinic specialized in the problems relating to parenthood, including legal abortions, . . . (citations omitted) sterilizations, and other matters relating to child bearing and care". (page 2 of complaint)

Plaintiff further states that in order to establish this clinic it would be necessary for him "to advertise in newspapers, radio, or television the fact that in his clinic women can have abortions performed according to the decisions of the Supreme Court of the United States . . .". (pp. 2–3 of the complaint)

Finally, it is averred that plaintiff is afraid that he might be prosecuted for any advertisement related to abortion, since such advertisements are allegedly prohibited by Section 92 of the Penal Code of Puerto Rico.

In *Planned Parenthood Association v. Nelson*, D.C.Cir., 327 F.Supp. 1290, a similar situation to the one now before us arose. The Court therein held that where none of the plaintiffs complained of any prosecution against themselves, either past, pending or future, or stated that they intended to commit any of the acts prohibited by the statutes or failed to allege bad faith or harassment, the Court lacked jurisdiction because plaintiffs had presented no case and controversy. The Court further noticed that plaintiffs had the remedy of vindicating their rights under the State Declaratory Judgments Act and that, in any event, said case was appropriate for refusal of jurisdiction in the interest of comity.

Plaintiff herein alleges that he is planning to establish a "legal" abortion clinic in Puerto Rico. Inasmuch as Article 93 is concerned, we can only find conclusory and speculative averments on plaintiff's part that "it would be necessary for him to advertise".[2] Nowhere can we find any type of intent or proposition to incur in actions sanctionable under the aforementioned article. There has been no correspondence between the parties concerning said alleged

---

1. See *Singleton v. Wulff*, 428 U.S. 106, 96 S.Ct. 2868, 49 L.Ed.2d 826.

2. Page 2 of the complaint.

intention to "advertise". Allegations of bad faith, prosecution or harassment are nonexistent in the complaint. The only statement that could arguably come near a case or controversy situation is the asserted "chilling effect" which supposedly restrains plaintiff's ostensible First Amendment rights.

■ Federal courts lack jurisdiction to entertain constitutional claims that are mere attempts to get a federal court to construe a state statute. Cf. *Ex-Cell-O Corp. v. City of Chicago*, 115 F.2d 627 (7th Cir. 1940). The phrase "chilling effect" is certainly not a magic weapon to be used whenever desirable by a plaintiff. Such effect must arise from more than conjectural allegations. The Court in *Planned Parenthood Association v. Nelson, supra*, observed:

"Plaintiffs' attack is upon the bare wording of statutes rather than on any attempt or threat of enforcement of statutes which plaintiffs express no intention of violating. The dispute in this case is with the bare words on statute books, which words the plaintiffs claim have a chilling effect on certain constitutionally protected behavior. This is not the kind of 'concrete' dispute needed for federal jurisdiction to declare a state statute unconstitutional and to enjoin its enforcement, within the meaning of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 754, 27 L.Ed.2d 669; . . . thus:

'The power and duty of the judiciary to declare laws unconstitutional is in the final analysis derived from its responsibility for resolving 'concrete' disputes brought before the courts for decision; a statute apparently governing a dispute cannot be applied by judges, consistently with their obligations under the Supremacy Clause, when such an application of the statute would conflict with the Constitution. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). But this vital responsibility, broad as it is, does not amount to an unlimited power to survey the statute books and pass judgment on laws be-

fore the courts are called upon to enforce them.' "

(*Planned Parenthood, supra*, at p. 1292)

■ Having plaintiff failed to establish an intention of performing actions which might be deemed violative of Article 93, and having he failed to otherwise establish a justiciable claim in accordance with the aforestated, we find that we must dismiss this action as related to the challenge to Article 93 of the Penal Code of Puerto Rico. *Poe v. Ullman*, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989; *United Public Workers v. Mitchell*, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754.

We now attend to the arguments presented against Article 91 of the Penal Code. In *Montalvo v. Colón*, D.C.Cir., 377 F.Supp. 1332, Civil No. 1113-73 decided on June 18, 1974, a three-judge court considered allegations of unconstitutionality of the then operative anti-abortion articles of the Penal Code of Puerto Rico, which have been subsequently repealed and substituted by the articles presently under attack. Title 33 LPRA 1051 then provided:

"It is hereby prohibited, except in the case of a therapeutic prescription by a physician duly authorized to practice medicine in Puerto Rico, for the purpose of preserving health or life, to prescribe, advise, or induce abortion, or to practice abortion on a pregnant woman."

Section 1052 in turn provided:

"Every person who, in violation of the provisions of section 1051 of this title, may furnish, supply, prescribe, or administer to a pregnant woman, by oral, rectal, or vaginal injections, any drug, substance, or medicinal, therapeutic, or opotheretic agent, or who uses any surgical instrument or mechanical agent with the intention or purpose of causal abortion, or practicing an abortion, shall be guilty of a felony and, upon conviction, shall be punished by imprisonment . . . . ."

In evaluating the constitutional soundness of the above cited articles, the three-judge court noted:

"The prohibition against prescribing, advising, inducing or practicing abortion, contained in 33 LPRA § 1051 is subject to an exception for *'therapeutic prescription by a physician duly authorized to practice medicine in Puerto Rico, for the purpose of preserving health or life'*. The proscriptions of section 1052 are expressly made subject to the provisions of section 1051, presumably including its exception clause, . . . ." (emphasis supplied)[3] The Court then goes on to express that the aforementioned exception clause was found in the abortion statutes of some states and has been the subject of in depth interpretation, surviving attacks of vagueness. See *U.S. v. Vuitch*, 402 U.S. 62, 91 S.Ct. 1294, 28 L.Ed.2d 601 (1971). The Court thus continued:

"As thus interpreted, we think that section 1051, and section 1052, since it is grounded upon section 1051, would comport with the standards set out in *Roe v. Wade*."[4]

Article 91 of the present Penal Code is a direct derivate from sections 1051 and 1052 of the old Penal Code. The exception clause has remained intact and the other provisions are virtually identical to those of the previous sections.[5] We are well aware that sections 1051 and 1052 have been repealed and that Article 91 has not been subject to any interpretation by local or federal courts. We additionally note that a single judge may not abstain under the three-judge court statute which was in force at the time of the filing of the instant complaint. Nevertheless, we have serious doubts as to the substantiality of plaintiff's claim regarding Article 91, particularly in the light of the aforecited *Acevedo Montalvo* case; there plaintiff made identical allegations which were not found determinative by the three-judge court. We thus consider plaintiff's assault on Article 91 to be constitutionally insubstantial. *Goosby v. Osser*, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); *Hagans v. Lavine*, 415 U.S. 528,

94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Rivera v. Chapel*, 1 Cir., 493 F.2d 1302.

 Furthermore, the only allegations that might imply the existence of a case or controversy concerning Article 91 are that plaintiff intends to establish a "legal" abortion clinic in San Juan. This statement is plainly insufficient to make the present claim justiciable. Wherefore, for the same substantive reasons advanced in our treatment of plaintiff's non-justiciable attack to Article 93, we think this action should be dismissed insofar as concerning Article 91, for lack of case or controversy.

Wherefore, in view of the foregoing, it is ORDERED, ADJUDGED and DECREED that this action be and it is hereby dismissed with prejudice but without costs.

---

3. Page 22 of judgment.

4. Ibid.

5. See commentaries to the aforementioned articles in Revista del Colegio de Abogados, Volume 36, No. 1, Feb. 1975.