**Wayne ROGERS and John B. Simmons individually, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Daniel W. PENNICK, Ralph O. Barnett, and Mario Mele, in their individual capacities as members of the Pennsylvania Liquor Control Board, and Governor Richard L. Thornburgh, in his individual capacity as Governor of the Commonwealth of Pennsylvania, Defendants.**

Civ. A. No. 86–0562.

United States District Court,
M.D. Pennsylvania.

Dec. 22, 1987.

As Amended Dec. 31, 1987.

MEMORANDUM

CALDWELL, District Judge.

## I. *Introduction.*

The parties have each moved for summary judgment. We will examine the motions under the well established standard. *See Peters Township School District v. Hartford Accident and Indemnity Co.,* 833 F.2d 32 (3d Cir.1987). Plaintiffs, Wayne Rogers and John B. Simmons, have challenged the constitutionality of certain provisions of the Pennsylvania Liquor Code. *See* 47 P.S. § 1–101 *et seq.* (Purdon 1969). The Code, generally proscribing the private, retail sale of alcoholic beverages for off-premises consumption, was recently reenacted with some changes, *see* Act No. 1987–14, but the provisions pertinent to the case at bar were not materially altered for the purposes of this suit. Plaintiffs contend that provisions permitting private sales of wine directly to the consumer by "limited wineries," Act No. 1987–14, § 95 (reenacting and amending 47 P.S. § 5–505.2) and of liquor to consumers by "distilleries of historical significance," Act No. 1987–14, § 96 (reenacting 47 P.S. § 5–505.3) violate the commerce clause, U.S. Const. art. I, § 8, cl. 3, and the due process and equal protection guarantees of the fourteenth amendment. U.S. Const. amend. XIV. Plaintiffs also allege that a provision permitting certain licensees to sell "sacramental wine" to priests, clergymen and rabbis, *see* Act No. 1987–14, § 40 (reenacting 47 P.S. § 4–409), violates the establishment clause of the first amendment. U.S. Const. amend. I. They seek declaratory and injunctive relief. The defendants are the members of the Pennsylvania Liquor Control Board (LCB), and Robert P. Casey, the Governor of the Commonwealth of Pennsylvania.

## II. *Background.*

Plaintiff Rogers is a resident of California and Simmons resides in New York State. Rogers is a partner in Continental Vintners, a limited partnership engaged in growing and crushing grapes. He also is part owner of a restaurant in Los Angeles. (Roger's answer to LCB interrogatory no.

Richard D. Greenfield, Nicholas E. Chimicles, C. Oliver Burt, III, Kenneth A. Jacobsen, R. Bruce McNew, Haverford, Pa., for plaintiffs.

John G. Knorr, III, Sr. Deputy Atty. Gen., Harrisburg, Pa., Andrew H. Cline, Eric B. Schnurer, Harrisburg, Pa., for defendants.

2). Simmons owns a seafood importing business in Brooklyn. (Simmons' answers to LCB's interrogatories Nos. 4 and 5). Defendants' discovery has revealed that neither individual owns a winery or a distillery. Nevertheless, both plaintiffs insist that they want to sell wine, liquor and beer at retail in Pennsylvania. Neither is specific, however, about the types of businesses they intend to open. For example, Simmons will not say whether he wants to sell the alcoholic beverages in one store or establish separate stores or even the number of stores he intends to open. (Simmons' answers to interrogatories nos. 16 and 17). Rogers will say only that he "intends to establish such businesses as are permitted subsequent to the resolution of this controversy. At this time, plaintiff does not know what the result will be and, as a result, cannot formulate an intention with respect to the matters raised by this interrogatory." (Roger's answer to LCB's interrogatory no. 14).

### III. *Discussion.*

### A. *Standing to Assert the Limited Winery and Historic Distillery Claims.*

■ We have concentrated upon the plaintiffs' business background because we believe they have serious problems with their standing to assert two of their claims. Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." *Valley Forge Christian College v. Americans United For Separation of Church And State Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). This limitation requires us to inquire into the plaintiffs' standing.

The essence of the standing inquiry is whether the parties seeking to invoke the court's jurisdiction have "alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Baker v. Carr,* 369 US 186, 204, 7 L Ed 2d 663, 82 S Ct 691 [703] (1962). As refined by subsequent reformulation, this requirement of a "personal stake" has come to be understood to require not only a "distinct and palpable injury," to the plaintiff, *Warth v. Seldin* 422 US 490, 501, 45 L Ed 2d 343, 95 S Ct 2197 [2206] (1975), but also a "fairly traceable" causal connection between the claimed injury and the challenged conduct. [citation omitted].

*Duke Power Co. v. Carolina Environmental Study Group Inc.,* 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595, 610 (1978) (brackets added).

The Court further stated in *Duke Power Co.* that:

The more difficult step in the standing inquiry is establishing that these injuries "fairly can be traced to the challenged action of the defendant," *Simon v. Eastern Ky. Welfare Rights Org.,* [426 U.S. 26, 41, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976),] or put otherwise, that the exercise of the Court's remedial powers would redress the claimed injuries. 426 U.S. [26] at 43, 96 S.Ct. 1917 [at 1926], 48 L.Ed.2d 450.

*Id.,* 438 U.S. at 74, 98 S.Ct. at 2631, 57 L.Ed.2d at 612 (brackets added).

Plaintiffs contend, citing *Gavett v. Alexander,* 477 F.Supp. 1035 (D.D.C.1979), that they have suffered the requisite injury to confer standing upon them by the refusal of the LCB to issue them licenses. They point out that the Liquor Code does not require them to have started a business before obtaining the licenses and that their statements, that they fully intend to operate the necessary businesses if they are successful in this litigation, are uncontroverted. They argue that these facts are sufficient for them to litigate the merits of their complaint. Plaintiffs also rely upon cases which have held that a plaintiff need not apply for a license to use a public forum before challenging a licensing statute on first amendment grounds, and upon *Orr v. Orr,* 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), a case dealing with a challenge to a state statute imposing alimony only upon men.

The latter cases are distinguishable from the instant one for obvious factual reasons, as noted by the LCB defendants. The *Gavett* decision requires a bit more discussion. In *Gavett,* the court concluded that a plaintiff who wished to purchase a rifle from the government at a discount price had standing to contest the constitutionality of a requirement that he first be a member of the National Rifle Association. The plaintiff's injury lay in his inability to purchase the rifle under the existing restriction. Additionally, the remedy requested, striking the restriction, would redress the injury. We recently relied upon *Gavett* in *National Dental Council v. Commonwealth of Pennsylvania, State Board of Dentistry,* 677 F.Supp. 785, (M.D.Pa.1987) (Caldwell, J.) in concluding that a Louisiana dentist had standing to contest a licensing provision in the Pennsylvania Dental Law. The dentist's inability to obtain a license because of the challenged provision was sufficient injury to confer standing.

■ *National Dental Council* would thus appear to dictate an identical conclusion here. But "[t]he difference between an abstract question and a 'case or controversy' is one of degree ... and is not discernible by any precise test." *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 297, 99 S.Ct. 2301, 2308, 60 L.Ed.2d 895, 906 (1979) (citation omitted) (brackets added). In *National Dental Council,* the dentist was already licensed by the state of Louisiana and could have obtained a Pennsylvania license "but for" the challenged restriction.[1] Here, on the other hand, we only have plaintiffs' general assertions that they intend to enter the necessary businesses. From all that appears in the existing record, however, plaintiffs could just as easily decide not to do so. We are hesitant to decide the constitutionality of state statutory provisions under these circumstances. *See NUI Corp. v. Kimmelman,* 765 F.2d 399 (3d Cir.1985) (courts should avoid whenever possible premature adjudication that legislation is unconstitutional). We do not believe that plaintiffs must actually bear the burden and expense of establishing businesses so that they can challenge the Pennsylvania law. The injury can be a future one, *see Employers Association v. New Jersey,* 601 F.Supp. 232 (D.N.J.), *aff'd without opinion,* 774 F.2d 1051 (3d Cir.1985), but it cannot be so far into the future, *id.,* or so contingent upon other events, that a case or controversy does not exist. *See Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976). We therefore conclude that plaintiffs lack standing to challenge the limited winery or historic distillery provisions. *See generally, Montalvo v. Colon,* 440 F.Supp. 238 (D.P.R.1977).

*B. The Sacramental Wine Provision.*

■ Plaintiffs attack the sacramental wine provision because it permits holders of the license to make direct sales of wine to priests, clergymen and rabbis for religious purposes or for sustaining members of the faith to be used for religious reasons.[2] Additionally, sacramental wine licensees may make sales on Sunday from 10:00 a.m. to 4:00 p.m. when the state-operated stores are closed. Plaintiffs contend

---

**1.** We, of course, would not require a "but for" relationship before standing could be established. *See Harrisburg Hospital v. Thornburgh,* 616 F.Supp. 699 (M.D.Pa.1985), *aff'd without opinion,* 791 F.2d 918 (3d Cir.1986). The facts in *National Dental Council* happened to be that narrow.

**2.** Section 40 of Act No. 1987–14 provides as follows (brackets added):
   (d) Holders of [sacramental wine] licenses may purchase from manufacturers or bring or import into this Commonwealth wine to be used for sacramental or religious purposes only, and bottle and sell the same to priests, clergymen and rabbis for use in the cathedral, church, synagogue or temple, or for sustaining members of the congregation or members of the faith who attend religious services, duly certified by such priests, clergymen or rabbis. The sale and use of wine for sacramental or religious purposes shall be subject to and in accordance with the regulations of the board. Plaintiffs contend that this provision permits direct sales to "sustaining members" of the faith. We disagree. As noted by defendants, the section permits sales only to priests, clergymen or rabbis for the use of church members. *See also* 40 Pa.Code § 11.82.

that the provision violates the establishment clause of the first amendment.

Defendants have not attacked plaintiffs' standing to assert this claim. It would seem that, like the claims discussed above, it is equally vulnerable to such an attack. Neither plaintiff has established that he has the facilities, or has concrete plans to obtain the facilities, necessary to the operation of the retail sale of wine directly to the public. It may be that the argument was not made because the contingencies are fewer in this situation. Unlike the exemptions for limited wineries and historic distilleries, a sacramental wine licensee can purchase its wine from others and need not obtain production facilities. Hence, the hurdles to successfully opening one of these businesses are substantially less than obtaining or building a winery, or finding an historic distillery. Thus, the standing question in this case is closer to *National Dental Council* and *Gavett.*[3]

██ Nevertheless, we decline to adjudicate plaintiffs' establishment clause claim at this time. "[T]he remedy of a declaratory judgment is discretionary even where a justiciable controversy exists." *Zimmerman v. HBO Affiliate Group,* 834 F.2d 1163, 1170 (3d Cir.1987) (citation omitted) (brackets added). Also, a court is not compelled to grant either declaratory or injunctive relief simply because a plaintiff has established standing. *See National Dental Council, supra.* Both forms of relief, being discretionary, can be withheld unless: (1) the issues are fit for judicial resolution and (2) withholding judicial consideration would result in hardship to the parties. *See Wilmac Corp. v. Bowen,* 811 F.2d 809 (3d Cir.1987); *A.O. Smith Corp. v. FTC,* 530 F.2d 515 (3d Cir.1976).

Withholding judicial consideration will not result in hardship to the plaintiffs on the present record since their plans are too uncertain and speculative at this time. In short, their first amendment claim is not ripe and we decline to adjudicate it.

We will issue an appropriate order.

---

**3.** We cannot perceive any other cognizable injury sufficient to confer standing. For example, plaintiffs could not rely, without more, upon

## ORDER

AND NOW, this 22nd day of December, 1987, it is ordered that:

1. Plaintiffs' complaint insofar as it attacks provisions of the Pennsylvania Liquor Code dealing with limited wineries and historic distilleries is dismissed for lack of standing.

2. Plaintiffs' complaint insofar as it attacks the sacramental wine provision of the Code is dismissed for lack of ripeness.

3. The Clerk of Court shall close this file.

injury to first amendment rights. *See Valley Forge Christian College, supra,* 454 U.S. at 485–90, 102 S.Ct. at 765–68, 70 L.Ed.2d at 718–21.