**M. G. THEVIS, Trading as Paris Book Stall, Plaintiff-Appellant,**

v.

**Jamie MOORE, In His Capacity as Chief, City of Birmingham Police Department, Birmingham, Alabama, et al., Defendants-Appellees.**

**No. 30142.**

United States Court of Appeals, Fifth Circuit.

April 5, 1971.

———◆———

Ferris S. Ritchey, Jr., Birmingham, Ala., Robert Eugene Smith, Towson, Md., for plaintiff-appellant.

J. M. Breckenridge, Earl McBee, Herbert Jenkins, Jr., Birmingham, Ala., for defendants-appellees.

Before CLARK, Associate Justice,* and GEWIN and RONEY, Circuit Judges.

PER CURIAM:

The appellant brought this declaratory judgment action seeking to have two ordinances of the City of Birmingham, Alabama, declared unconstitutional and enjoining their further enforcement. Ordinance No. 67–2 regulating obscenity, is attacked as being vague and a prior restraint, while No. 68–59 is said to be overbroad as well as violative of due process. No claim of irreparable injury is made and a specific finding that the appellees had not acted in bad faith was entered. The court upheld both ordinances but found that each had been unconstitutionally applied. It declared the previous conviction of appellant's employee under ordinance No. 67–2 null and void and his arrest and prosecution under a charge of doing business without a license invalid, directed the return to the appellant of certain seized publications and ordered the re-instatement of his business license on his bookstore, which had been previously revoked.

In view of the fact that neither irreparable injury nor bad faith prosecution is present in the case we do not believe that the rule laid down in Dombrowski v. Pfister, 380 U.S. 479, 482–483, 85 S. Ct. 1116, 14 L.Ed.2d 22 (1965) is applicable. Indeed, this case is controlled by a series of cases recently announced by the Supreme Court (1971), Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669, in which Mr. Justice Black wrote for the court. As he points out both irreparable injury and bad faith prosecution must be present before a state prosecution may be enjoined. See Dyson v. Stein, 401 U.S. 290, 91 S.Ct. 769, 27 L.E.2d 781; Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792; and Perez v. Ledesma, 401 U.S. 82,

———

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

91 S.Ct. 674, 27 L.Ed.2d 701, which were handed down the same day and are directly in point. See also Jackson v. Dobbs, 442 F.2d 928 (5th Cir. 1971); Gordon v. Landrieu, 442 F.2d 926 (5th Cir. 1971); Gornto v. Thomas, et al., 439 F.2d 1406 (5th Cir. 1971).

We, therefore, vacate the judgment and remand the case with directions that it be dismissed.

Vacated and remanded with directions.