**Asa Lloyd PEOPLES et al., Plaintiffs-Appellants,**

v.

**The CITY OF BIRMINGHAM et al., Defendants-Appellees.**

**No. 30232.**

United States Court of Appeals, Fifth Circuit.

April 9, 1971.

---

James W. May, Douglas Corretti, Corretti, Newsom, Rogers & May, Birmingham, Ala., for appellants.

Herbert Jenkins, Jr., J. M. Breckenridge, City Atty., Birmingham, Ala., for appellees.

Before THORNBERRY and GODBOLD, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Appellant Asa Lloyd Peoples is the manager of a Birmingham, Alabama, motion picture theatre owned by co-appellant Mini-Cinema of Alabama, Incorporated. On June 27, 1970, Peoples and the theatre's projectionist, Gerald L. Brooke, were arrested for exhibiting an allegedly obscene film, "Infrasexum," in violation of two City of Birmingham ordinances. The film was seized and held as evidence to be used in the prosecution of Peoples and Brooke in the City Recorder's Court. Peoples, Brooke and Mini-Cinema filed an action in federal district court, alleging that the city ordinances in question were, for two reasons, unconstitutional: (1) They are impermissibly vague and overbroad, and (2) they do not provide an accused with a judicially superintended adversary hearing prior to the arrest of the accused or to the seizure of the film. In addition to having the ordinances declared unconstitutional, plaintiffs sought to compel defendants to return the seized film and to enjoin the defendants from prosecuting them for violation of the ordinances. The district court enjoined the prosecution of Brooke but denied the other relief sought. This appeal followed.

The supervening Supreme Court decisions in Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688, and Perez v. Ledesma, 1971, Part I, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701, make it clear that appellants' complaint should not have been considered on the merits.[1] Appellants have not made those specific allegations of irreparable damage in the form of bad faith prosecution, harassment or otherwise that would make federal injunctive relief appropriate. Accordingly, we vacate the order and judgment of the district court with directions to dismiss the complaint for failure to state a claim for federal intervention.

Vacated and remanded with direction.

---

1. See Gordon v. Landrieu, 5th Cir. 1971, 442 F.2d 926; Gornton v. Thomas, 5th Cir. 1971, 439 F.2d 1406.