**STAR–SATELLITE, INC., Plaintiff-Appellant,**

v.

**Louis ROSETTI et al., Defendants-Appellees.**

**No. 29830.**

United States Court of Appeals, Fifth Circuit.

April 30, 1971.

Frederick L. Donahower, Biloxi, Miss., Jack Peebles, Metairie, La., Donahower & Brown, Biloxi, Miss., for plaintiff-appellant.

Lyle M. Page, Ronald G. Peresich, Biloxi, Miss., for defendants-appellees.

Before RIVES, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

Appellant, the operator of a news store in Biloxi, Mississippi, filed this civil rights action under 42 U.S.C.A. § 1983 against the appellee, Louis Rosetti, the Chief of Police of Biloxi, and others, seeking to enjoin the further prosecution of a pending state criminal action against one of its employees for alleged violation of the Mississippi Obscenity Law, and to enjoin defendants-appellees from any future seizures of appellant's movie machines and films in the absence of a prior adversary judicial hearing on the question of obscenity of the materials. The court below denied the injunctive relief sought and dismissed appellant's action on the merits.

The supervening Supreme Court decisions in Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 [1971]; Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 [1971]; and Perez v. Ledesma, 1971, Part I, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 [Feb. 23, 1971], make it clear that appellant was not due to have its complaint considered on the merits. No irreparable harm in the form of bad faith, harassment or otherwise is alleged. The proper disposition of this case under these decisions is to dismiss the complaint without reaching the merits. Samuels v. Mackell, *supra*. Peoples v. City of Birmingham, 5th Cir. 1971, 440 F.2d 1352 [1971]; Thevis v. Moore, 5th Cir. 1971, 440 F.2d 1350 [1971]; Gornto v. Thomas, 5th Cir. 1971, 439 F.2d 1406 [1971]; Gordon v. Landrieu, 5th Cir. 1971, 442 F.2d 926 [1971]. We vacate and remand with direction that the complaint be dismissed for failure to state a claim for federal intervention.

Vacated and remanded with direction.