444 F.2d 218
 Pat HUDSON and William Charles Deich, III, Plaintiffs-Appellants,
v.
Joseph WANICK, in his capacity as City Attorney in and for
the City of Miami Beach, et al., Defendants-Appellees.
No. 71-1374 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 June 17, 1971.
 
 Barry L. Halpern, of Engle & Halpern, Miami, Fla., for plaintiffs-appellants.
 Leonard Rivkind, Sp. Counsel, City of Miami Beach, Fla., Rosen & Rivkind, Miami Beach, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida; Charles B. Fulton, Chief Judge.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 The District Court's order dismissing the complaint is affirmed, but modified by striking from the last paragraph thereof the words 'with prejudice.' The record discloses that the local prosecution was not undertaken in bad faith; also, that while a hearing was held on plaintiff's motion for a temporary restraining order-- which was denied-- the District Court did not reach the merits of the case, but dismissed the complaint. It was appropriate to dismiss the suit under the principles set forth in the recent and supervening decisions of the Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971), and companion cases, but proper disposition requires that the order be modified as noted above. See Star-Satellite, Inc. v. Rosetti, 5 Cir., 1971, 441 F.2d 650; Peoples v. City of Birmingham, 5 Cir., 1971, 440 F.2d 1352; Gordon v. Landrieu, 5 Cir., 1971, 442 F.2d 926.
 
 
 2
 Affirmed as modified.