**Charles MUSICK et al., Plaintiffs-Appellants,**

v.

**Erik JONSSON et al., Defendants-Appellees.**

**No. 30889.**

United States Court of Appeals, Fifth Circuit.

Sept. 27, 1971.

Rehearing and Rehearing En Banc Denied Nov. 19, 1971.

Mike Aranson, Legal Arts Center, Dallas, Tex., Mel S. Friedman, W. B. (Bernie) House, Jr., of Maley & Friedman, Houston, Tex., for plaintiffs-appellants.

Joseph G. Werner, Asst. City Atty., N. Alex Bickley, City Atty., Thomas B. Thorpe, Asst. City Atty., Dallas, Tex., for defendants-appellees.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

Plaintiffs, who are operators of "adult" movie houses in Dallas, Texas, attack the constitutionality of Sections 46–4.1, 46–4.2 and 46–4.3 of the Revised Code of Civil and Criminal Ordinances of the City of Dallas.[1] The challenged

1. An Ordinance amending Chapter 46 of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, Texas, as amended, by enacting and adding thereto Section 46–4.1 which provides for a disclosure as to the ownership and operation of the business and the residences and addresses of the principle owners, officers or directors thereof, Section 46–4.2 requiring the designating of a person or persons who have legal possession, care, custody and control of the motion picture films, Section 46–4.3 providing for the revocation of license upon failure to comply with the registration provisions; Providing for a Severability Clause; Providing for a Fine of not more than $200.00 for each violation hereof; and Providing for an Effective Date.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

SECTION 1. That Chapter 46 of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, Texas, as amended, be, and the same is hereby amended by enacting Sections 46–4.1, 46–4.2 and 46–4.3 which shall read as follows:

"Section 46–4.1 *Ownership of Business*

Every person required by this Chapter to obtain a license for the operation of any moving picture theater or moving picture show shall, not later than September 1, 1970, file with the Assessor and Collector of Taxes of the City, a sworn affidavit stating therein the name, home address, and principal business address of each owner of the business or enterprise through which such moving picture threater or moving picture show is owned and operated, if such business or enterprise be unincorporated, and the name, home address and principal business address of the president, vice-president, secretary, treasurer, and each director of such business or enterprise, if such business or enterprise be incorporated, and shall, after September 1,

1970, and prior to the effective date of any change of the ownership of such business or enterprise, or of the home address or principal business address of any owner thereof, if such business or enterprise be unincorporated, and prior to the effective date of any substitution of officers or directors of such business or enterprise or of the home address or principal business address of any officer or director thereof, if such business or enterprise be incorporated, file with the Assessor and Collector of Taxes of the City a sworn affidavit stating therein such change of ownership of such unincorporated business or enterprise and such change of home address or principal business address of any owner thereof, and such substitution of officers or directors of such incorporated business or enterprise, and such change of home address or principal business address of any officer or director thereof."

"Section 46–4.2 *Custody of Films*

Every person required by this Chapter to obtain a license for the operation of any moving picture theater or moving picture show shall, not later than September 1, 1970, file with the Assessor and Collector of Taxes of the City a sworn affidavit designating and stating therein the name of the person or persons who shall, at any and all times when such moving picture theater or moving picture show shall be in operation and open for business exhibiting motion picture films, have legal possession, care, custody, and control of all motion picture films on the premises of such moving picture theater ·or moving picture show, and shall, after September 1, 1970, and prior to any substitution of person so designated as having possession, care, custody and control of such motion picture films, file with the Assessor and Collector of Taxes of the City a sworn affidavit stating therein the name of the successor to such person having possession, care, custody and control of such motion picture films."

ordinance requires owners and operators of all motion picture theaters to register with the city and to list the names of the persons in possession and control of the films shown on the premises. Noncompliance is denominated as a misdemeanor, punishable by license revocation and a $200.00 fine.

Plaintiffs allege that the ordinance infringes on First Amendment freedoms and is vague and overbroad. They seek a declaration that the ordinance is unconstitutional, along with temporary and permanent injunctions prohibiting the city from enforcing it. The district court denied relief. We affirm.

There is no allegation in the complaint that any plaintiff has been prosecuted, charged or arrested under this ordinance. Plaintiffs allege only that they are "in fear of reprisals" and that the ordinance is unconstitutional on its face.

This falls far short of the showing of irreparable injury required for relief in federal courts, as set forth in Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L. Ed.2d 696 (1971) and Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

Affirmed.

"Section 46–4.3 *License Revocation*

In the event any such moving picture theater or moving picture show, which has heretofore been licensed or which may hereafter be licensed, fails to comply with the provisions of Sections 46–4.1 and 46–4.2 of this Code or other Ordinances of the City, the City Manager may revoke such license after five (5) days notice in writing to the Licensee at the registered address as provided for herein to correct the violations involved and after giving opportunity to the Licensee to be heard. Upon revocation of the license, the City Manager shall direct the Licensee to cease the operation of such place as a moving picture theater or a moving picture show. The revocation of the license shall not affect any of the other penalty provisions provided for in this Code but shall be cumulative thereof."

SECTION 2. That Chapter 46 and 46A of the 1960 Revised Code of Civil and Criminal Ordinances of the City of Dallas, as amended, shall remain in full force and effect, save and except as amended herein.

SECTION 3. If any section, paragraph, subdivision, clause, phrase or provision of this Ordinance shall be adjudged invalid or held unconstitutional, the same shall not affect the validity of this ordinance as a whole or any part of the provisions thereof other than the part so decided to be invalid or unconstitutional.

SECTION 4. Any person who shall violate any of the provisions of this Ordinance shall be guilty of a misdemeanor and shall be liable to a fine of not more than TWO HUNDRED DOLLARS ($200.00) and each day such violation exists shall constitute a separate offense.

SECTION 5. That this Ordinance shall take effect immediately from and after its final publication in accordance with the provisions of the Charter of the City of Dallas, and it is accordingly so ordained.