Sandra Lee BECKER, etc., et al.,
Plaintiffs,

Richard Guy Steffel, Plaintiff-Appellant,

v.

John R. THOMPSON, etc., et al.,
Defendants-Appellees.

No. 71–1856.

United States Court of Appeals,
Fifth Circuit.

July 20, 1972.

Howard Moore, Jr., Peter E. Rindskopf (deceased), Elizabeth Roediger Rindskopf, William R. Gignilliat, III, William H. Traylor, John R. Myer, Atlanta, Ga., for plaintiff-appellant.

Robert E. Mozley, George P. Dillard, Decatur, Ga., Dock H. Davis, Atlanta, Ga., for defendants-appellees.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

(Opinion May 3, 1972, 5 Cir., 1972, 459 F.2d 919).

Before TUTTLE, GEWIN and DYER, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is also denied.

GEWIN and DYER, Circuit Judges, specially concurring:

The full court has considered the views of Judge Tuttle, expressed in concurrence, and has further considered the suggestion that the panel has been overruled by Lake Carriers' Association v. MacMullan, 1972, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257.

*Lake Carriers'* is an abstention case, and as Justice Brennan points out, "[T]he question of abstention, of course is entirely separate from the question of granting declaratory or injunctive relief." 406 U.S. at 509, 92 S.Ct. at 1756. Significantly, he also points out that in *Lake Carriers'*, unlike *Becker,* there is an "absence of an immediate threat of prosecution." *Id.* at 511, 92 S.Ct. at 1757. Justice Brennan's gratuitous statement that, in the absence of pending prosecutions, declaratory relief may be appropriate, is as he indicates, taken from his separate opinion in Perez v. Ledesma, 1971, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed. 2d 701, and is pure dicta in *Lake Carriers'*. To suggest that the Supreme Court in collateral dicta in *Lake Carriers'* has decided that the prerequisites to federal intervention defined in Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, do not apply to declaratory judgments against threatened state criminal prosecutions is inconceivable when the issue was so carefully preserved in *Younger* and Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 for a time when the point was squarely raised.

The lack of a nod to the *Younger* doctrine by the Supreme Court in its recent decisions in Police Department of the City of Chicago v. Mosley, 1972, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 and Lloyd Corp., Ltd. v. Tanner, 1972, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131, is of no moment. The grant of certiorari in each case was specifically limited to constitutional issues other than those raised by *Younger* and its progeny. *See* 1972, 404 U.S. 1037, 92 S.Ct. 703, 30 L. Ed.2d 728; 1972, 404 U.S. 821, 92 S.Ct. 42, 30 L.Ed.2d 48.

We underscore our agreement with the dissent that the district courts of this Circuit are entitled to consistent decision making on our part. Since *Younger* and *Samuels* were decided, but prior to the decision in this case, this Court twice held that declaratory relief was inappro-

priate in cases involving threatened state criminal prosecutions in the absence of proof of *Younger* prerequisites to intervention. Cooley v. Endictor, 5 Cir. 1972, 458 F.2d 513; Thevis v. Moore, 5 Cir. 1971, 440 F.2d 1350. Such is the holding of the case *sub judice*. No panel has held to the contrary.[1]

Before JOHN R. BROWN, Chief Judge and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, INGRAHAM and RONEY, Circuit Judges.

JOHN R. BROWN, Chief Judge, with whom WISDOM and GOLDBERG, Circuit Judges, join dissenting from the denial of rehearing en banc:

Because Senior Circuit Judge Tuttle has not participated in the Court's consideration of the petition for rehearing en banc, he does not have an opportunity to respond now to the apparent rejection of the views expressed in his concurring opinion. As one who shares his misgivings, I feel obligated to state concisely my reasons for believing that the present case is enbancworthy.

In effect the Court has held that a Federal declaratory judgment action challenging the constitutionality of a State criminal law is subject to the restrictions imposed by Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 and companion cases, regardless of whether prosecutions under that law have been initiated. That position has heretofore been rejected by the First,[1a] Third[2] and Sixth[3] Circuits and by at least two three-judge District Courts.[4] Its underlying philosophy appears to be at odds with one of our own earlier decisions, Hobbs v. Thompson, 5 Cir., 1971, 448 F.2d 456. Moreover, its continuing vitality is somewhat suspect in light of the Supreme Court's recent pronouncement that the reasoning supporting the application of the *Younger* doctrine has "little force in the absence of a pending state proceeding. In that circumstance exercise of federal court jurisdiction ordinarily is appropriate if the conditions for declaratory or injunctive relief are met." Lake Carriers' Assn. v. MacMullan, 1972, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257.

Admittedly the Court in *Lake Carriers* was concerned primarily with the problem of abstention and only indirectly with the potential applicability of the *Younger* sextet. However, in a dissenting opinion both Mr. Justice Powell and the Chief Justice concluded that abstention was inappropriate and would have remanded the case for a trial on the merits, thereby negating any inference that they regarded *Younger* as a possible bar to a declaratory judgment in the absence of a pending State criminal proceeding. Since Justices Brennan, White and Marshall have adopted an equivalent point of view,[5] and since Mr. Justice Douglas obviously shares it,[6] I have considerable difficulty avoiding the conclusion that the question which the panel's opinion purports to find "open" is now regarded as closed by two-thirds of the present membership of the Supreme Court.

There is little doubt that the legislative history of the Declaratory Judgment Act of 1934 suggests emphatic Congressional disapproval of the theory that in

1. The dissent's suggestion that the panel opinion is inconsistent with Hobbs v. Thompson, 5 Cir. 1971, 448 F.2d 456, is inexplicable. *Hobbs* is a civil, not a criminal case, involving no possibility of interference with state criminal proceedings.

1a. Wulp v. Corcoran, 1 Cir., 1972, 454 F. 2d 826.

2. Lewis v. Kugler, 3 Cir., 1971, 446 F.2d 1343.

3. Crossen v. Breckenridge, 6 Cir., 1971, 446 F.2d 833.

4. Anderson v. Vaughn, D.Conn., 1971, 327 F.Supp. 101; Thoms v. Smith, D.Conn., 1971, 334 F.Supp. 1203.

5. Perez v. Ledesma, 1971, 401 U.S. 82, 93, 91 S.Ct. 674, 681, 27 L.Ed.2d 701, 710 (separate opinion by Brennan, J.).

6. Dyson v. Stein, 1971, 401 U.S. 200, 211, 91 S.Ct. 769, 775, 27 L.Ed.2d 781, 789 (dissenting opinion by Douglas, J.).

all circumstances "the Constitution requires litigants to subject themselves to the possible harm of a criminal prosecution before seeking relief from an allegedly unconstitutional statute * * * when actual interference with protected rights is alleged or shown." Crossen v. Breckenridge, *supra,* note 3, 446 F.2d at 838 (citation omitted). Judicially imposed limitations on the remedy are appropriate when a State prosecution is already underway because a Federal declaratory judgment action would almost invariably disrupt that proceeding, which by itself provides the defendant with an adequate procedural vehicle for testing the law's constitutionality. Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688. But such considerations are absent when the Federal plaintiff has not yet been arrested or charged and therefore, apart from a declaratory judgment action, has no choice but to obey a potentially unconstitutional statute or to disobey it and risk fine or imprisonment on the ultimate outcome.[7] I have most serious reservations about imposing such a dilemma upon those who seek to exercise what they sincerely believe to be their Federal constitutional rights.

Nevertheless, I pass no final judgment on the result reached here. Despite the difficulties raised by the foregoing analysis there may yet be some persuasive justification for the opinion rendered by the Court. All I suggest is that the case obviously involves a problem of exceptional importance which, because of previous uncertainty and apparent inconsistency,[8] requires en banc reconsideration to insure decisional uniformity. Particularly is this true in light of Judge Tuttle's assertion that the availability of a narrower ground for decision reduces most of the panel's opinion to the level of obiter dictum. When issues of such far-reaching significance are at stake, the District Courts of this Circuit are entitled to know precisely what the law is. In its present posture this case simply does not provide that precision.[9]

I dissent from the denial of rehearing en banc.

---

7. "There is indeed a serious present controversy, involving important federal issues, and posing for the Lake Carriers an immediate choice between the possibility of criminal prosecution or the expenditure of substantial sums of money for antipollution devices and equipment which may not be compatible with the federal regulations which admittedly in due time will be pre-emptive. This presents a classic case for declaratory relief * *." Lake Carriers' Assn. v. MacMullan, *supra,* 406 U.S. at 514, 92 S.Ct. at 1759 (dissenting opinion by Powell, J.).

8. Compare Hobbs v. Thompson, *supra,* with Musick v. Jonsson, 5 Cir., 1971, 449 F.2d 201 and Cooley v. Endictor, 5 Cir., 1972, 458 F.2d 513.

9. In two recent decisions involving circumstances virtually identical to those present here, the Supreme Court considered the merits of the constitutional claims without even mentioning the *Younger* doctrine. Police Department of the City of Chicago v. Mosley, 1972, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212; Lloyd Corp., Ltd. v. Tanner, 1972, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131.