**Michael WILEY et al., Plaintiffs,**

v.

**Rocky POMERANCE, Chief of Police of the City of Miami Beach, Florida, and Clifford O'Key, City Manager of the City of Miami Beach, Florida, Defendants.**

**No. 72–1011–Civ.**

United States District Court,
S. D. Florida,
Miami Division.

Aug. 17, 1972.

Peter L. Nimkoff, ACLU Foundation of Florida, Bruce S. Rogow, Special Counsel, ACLU Foundation of Florida, and Steven Wisotsky, Legal Services of Greater Miami, Miami, Fla., for plaintiffs; William Crain and Gustin L. Reichbach, New York City, of counsel.

Joseph Wanick, City Atty. of Miami Beach, Miami Beach, for defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGENT AND DISMISSING FOR LACK OF JURISDICTION

ATKINS, District Judge.

This clause is now before the Court on plaintiffs' motion for summary judgment or in the alternative to make the preliminary injunction permanent. For reasons hereinafter delineated, that motion is denied and the complaint is dismissed on the Court's own motion for lack of subject matter jurisdiction in accordance with F.R.Civ.P. 12(b)(1).

This action was filed by five plaintiffs, on their own behalf and on behalf of others similarly situated, under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 and § 2202 seeking injunctive and declaratory relief respectively. A hearing was held on July 3, 1972, and at the conclusion of the hearing the City of Miami Beach was preliminarily enjoined from enforcing any part of Section 39.7 of the Code of the City of Miami Beach. Further memoranda on the merits of the complaint were requested at that time, and they have been filed.

Briefly, the facts of the case are these: The City of Miami Beach was selected by both national political committees as the site for their respective conventions this summer; the city officials, fearing an outbreak of demonstrations and violence, reviewed their city code and realized that they had no ordinance to limit or restrict parades within their city limits; an ordinance was drafted and passed in emergency form by the City Council on June 7, 1972; and the plaintiffs, uncertain about the requirements of the ordinance so authorized, brought suit to enjoin its enforcement and have it declared unconstitutional.

At the preliminary injunction hearing on July 3, 1972, testimony was elicited from the five plaintiffs indicating that they were unsure about what compliance was necessary under this new ordinance, and further that the substantial penalties possible under the ordinance deterred them from continuing with their plans to stage demonstrations and protest marches during both the Democratic and Republican National Conventions. The plaintiffs admitted on cross-examination that they had not applied for a parade permit, and they further announced that they did not intend to apply for any permits under this ordinance. The only evidence offered by the

City consisted of testimony relating to the similarity between their ordinance and parade ordinances in other major metropolitan areas (i. e., Washington, D. C. and Los Angeles), but such evidence was ruled inadmissible. This essentially was the posture of the case when the motion for the preliminary injunction was ruled on.[1]

Had other conditions not intervened, the complaint would have been dismissed at the hearing for lack of jurisdiction since it appeared from the Fifth Circuit opinion in Becker v. Thompson, 459 F.2d 919 (5th Cir. 1972), decided on the third of May, that declaratory or injunctive relief was improper whether or not there was a pending state prosecution. This decision resolved for this Circuit the question that had been expressly reserved in Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). The evidence adduced at the hearing was uncontroverted—the suit was filed to enjoin the enforcement of a municipal ordinance under which no criminal prosecutions had been brought. There were no allegations and no proof of bad faith, harassment, or other special circumstances to bring the suit within the exception of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). At first glance, then, the original Becker decision, supra, seemed to have foreclosed the issue, at least in this Circuit.

However, the law shifts its course quickly, and doubts as to the continued validity of Becker immediately arose. Between the decision by the Fifth Circuit and the date of the preliminary injunction hearing, the Supreme Court had rendered decisions in several cases that seemed to undermine the foundations of Becker. On June 19, 1972 the decision in Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 expressly held tht 42 U.S.C. § 1983 was an Act of Congress that fell within the "expressly authorized" exception to the anti-injunction statute, 28 U.S.C. § 2283 (1970). This decision did not indicate when an injunction could issue under § 1983, but it decided that under proper circumstances an injunction could be used against a state court proceeding and thus no absolute bar existed. Several weeks before that, in Lake Carriers' Association v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972) the Supreme Court, in discussing one of the arguments advanced by a District Court for abstaining, commented upon the question of the propriety of a federal court entertaining a suit against enforcement of a state statute. The Court stated:

. . . apart from "extraordinary circumstances", a federal court may not enjoin a pending state prosecution or declare invalid the statute under

---

[1] This Court does not now, and of course cannot, reach the merits of the controversy in this case. However, some mention of the Court's action taken to date should be made. No permit had been applied for by the plaintiffs in this case. The Court construed this issue at the hearing vis a vis standing to be that the plaintiffs had no standing to attack the validity of the ordinance without having applied for and having been denied a permit, unless the ordinance was unconstitutional on its face, or at least definitely arguably so. See Shuttlesworth v. Birmingham, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969) where Mr. Justice Stewart concluded for the Court:

And our decisions have made clear that a person faced with such an unconstitutional licensing law may ignore it and engage with impunity in the exercise of the right of free expression for which the law purports to require a license. (footnote omitted) 394 U.S. at 151, 89 S.Ct. at 939.

Therefore, following the presentation of evidence at the hearing and the review of the memoranda, the Court concluded that the plaintiffs had overcome the hurdle of standing by showing a definite possibility that the ordinance could be found unconstitutional on its face. For a similar ordinance ruled on by a panel of the Fifth Circuit see LeFlore v. Robinson, 434 F.2d 933 (5th Cir. 1970), vacated on other grounds 446 F.2d 715 (1971).

which the prosecution was brought. The decisions there were premised on considerations of equity practice and comity in our federal system that have little force in the absence of a pending state proceeding. In that circumstance exercise of federal court jurisdiction ordinarily is appropriate if the conditions of declaratory or injunctive relief are met.

406 U.S. at 498, 92 S.Ct. at 1757.

■ While this above quoted language could be considered dicta, the decision announced on June 26 in Police Department of the Police Department of City of Chicago v. Mosley, 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972) could not be so classified. In that case the Court considered an attack on a Chicago ordinance on the merits and declared it to be unconstitutional. The suit was brought under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 for declaratory and injunctive relief alleging infringement of protected First Amendment freedoms. No pending state prosecution was involved. No mention was made of questions reserved in Younger v. Harris and Samuels v. Mackell, *supra*, concerning a case where no pending state prosecution existed. Since the Supreme Court reached the constitutional issue, it seemed that they had decided no other choice existed. It is, of course, elementary that the courts decide constitutional issues only when they are forced to.[2]

■ At the time of the preliminary injunction hearing, then, this Court was confronted with a dilemma. On one hand, there was before it a Fifth Circuit Court of Appeals decision that reached the conclusion that a federal district court did not have jurisdiction to entertain a suit to enjoin the enforcement of a municipal ordinance when no pending prosecution existed. On the other hand several Supreme Court opinions decided subsequent to Becker, when considered together, indicated a result different than that reached by the Fifth Circuit was appropriate. A petition for rehearing of *Becker* was then pending which would have permitted reconsideration in light of those more recently decided Supreme Court decisions. Further research by this Court has revealed inconsistencies in the cases cited in the Becker decision, but further delay is deemed inappropriate in view of the specially concurring opinion filed in the denial of the petition for rehearing in Becker v. Thompson, 463 F.2d 1338 (5th Cir. 1972). That concurring opinion discussed the effect of Lake Carriers' Assoc. v. Mac-

---

2. See, for example, Justice Goldberg's statement for the majority in Rosenberg v. Fleuti, 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963).

> Upon consideration of the case, however, and in accordance with the long-established principle that 'we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable,' Spector Motor Service, Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 89 L.Ed. 101, 103; see also Alma Motor Co. v. Timken-Detroit Axle Co.(,) 329 U.S. 129, [67 S.Ct. 231, 91 L.Ed. 128] . . . ; Neese v. Southern R. Co.(,) 350 U.S. 77, [76 S.Ct. 131, 100 L.Ed. 60] . . . ; Mackey v. Mendoza-Martinez, 362 U.S. 384, [80 S.Ct. 785, 4 L.Ed.2d 812] . . . we have concluded that there is a threshold issue of statutory interpretation in the case, the existence of which obviates decision here as to whether § 212(a)(4) is constitutional as applied to respondent."

374 U.S. at 451, 83 S.Ct. at 1806.

The decision in *Rosenberg* was made by the Court without urging by either party since it was stipulated before the trial court that one of the issues to be litigated "was the question whether § 212(a)(4) is 'unconstitutional as being vague and ambiguous'." The Petition for Certiorari was granted "in order to consider the constitutionality of § 212(a)(4) as applied to respondent Fleuti," 374 U.S. at 451, 83 S.Ct. at 1806, but when a non-constitutional ground presented itself the Court did not feel constrained to slavishly follow its original reason for granting the petition. It seems that the decision in Lloyd Corp., Ltd. v. Tanner, 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed. 2d 131 (1972) is similar to Mosley, supra, in that the merits of the constitutional question were reached, although the rule forbidding handbilling was upheld in that case.

Mullan, *supra*, and Police Department of the City of Chicago v. Mosley, *supra*, and decided that they had no relevance to the opinion previously published. Upon that authority, the decision having been made for this circuit, the motion is denied and this case is dismissed.