Vallery **FERDINAND**, Jr., et al.

v.

Jim **GARRISON**, District Attorney of the Parish of Orleans, and Joseph I. Giarrusso, Superintendent of Police of the City of New Orleans.

Civ. A. No. 69–940.

United States District Court,
E. D. Louisiana.

Sept. 11, 1972.

George M. Strickler, Jr., Robert P. Roberts, New Orleans, La., for plaintiffs.

Blake G. Arata, Maurice B. Friedman, New Orleans, La., for defendants.

Before AINSWORTH, Circuit Judge, and CHRISTENBERRY and MITCHELL, District Judges.

CHRISTENBERRY, District Judge.

In the Criminal District Court for the Parish of Orleans, Louisiana, Vallery Ferdinand, Jr., Spencer Williams, Ronald Fernandez, Lawrence J. Terrel, and Norman Lee Williams are charged with violating the Louisiana Flag Desecration Statute, La.R.S. 14:116(4).[1] In this suit Ferdinand, Fernandez, Terrel and the two Williamses seek first to have their pending state criminal prosecutions enjoined, with jurisdiction of this claim premised upon § 1 of the Civil Rights Act of 1871, now 42 U.S.C. § 1983 (1970). Secondly, plaintiffs seek to have the Louisiana Flag Desecration Statute declared unconstitutional due to vagueness and overbreadth of language; jurisdiction of this claim is based upon the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1970), as well as 28 U.S. C. §§ 1331, 1343(3, 4) (1970). A three-judge court was convened to hear this matter because it involves enjoining the enforcement of a state statute of general application. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Rorick v. Board of Commissioners, 307 U.S. 208, 212, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); 28 U.S.C. §§ 2281, 2284 (1970).

Essentially, plaintiffs contend that the Flag Desecration Act is unconstitutional on its face and as applied to them because it is vague and overbroad and because it violates rights secured by the First Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The facts upon which this suit is based have been stipulated by the parties to be as follows:

1. Plaintiffs Vallery Ferdinand, Jr., Ronald Fernandez, Lawrence J. Terrel, Spencer Williams and Norman Lee Williams are black citizens of the United States and of the State of Louisiana, and residents of the City of New Orleans. At the time this suit was filed plaintiffs Ferdinand, Terrel, Spencer Williams, and Norman Williams were students at Southern University in New Orleans.

---

1. La.R.S. 14:116 provides, *inter alia:*
    "Flag desecration is the act of any person who shall intentionally, in any manner, for exhibition or display.
    . . . .
    (4) Publicly mutilate, defile, or by word or act cast contempt upon any flag.

The word 'flag' as used herein shall mean any duly authorized flag or shield of the United States or of the State of Louisiana, or any copy thereof. . . ."

2. Defendant Jim Garrison is the District Attorney of the Parish of Orleans and Defendant Joseph I. Giarrusso is the Superintendent of Police of the City of New Orleans.[2]

3. Prior to April 9, 1969, there was some dissatisfaction within the student body of S.U.N.O. It was claimed that the State of Louisiana did not provide facilities at S.U.N.O. and other black schools comparable to those at predominantly white institutions and that S.U.N.O. students were receiving an inferior education. Some students also objected to the school administration's apparent acquiescence in this alleged situation and its alleged failure to provide courses of study more relevant to black students. Several protest rallies were organized by the Afro-American Society of S.U.N.O., a student organization.

4. Plaintiffs Ferdinand, Terrel, Norman Lee Williams, and Spencer Williams were members of the Afro-American Society and were among the leaders of the campus protests.

5. On April 9, 1969, at approximately 8:00 A.M. plaintiffs were among a group of approximately 200 students who gathered in front of the administration building of S.U.N.O. to protest the alleged policies of the State of Louisiana and of the administration of S.U.N.O. referred to above. To dramatize their protest, a flag of the United States of America which customarily flew from a flag pole in the front of the school was lowered by some of the plaintiffs in an orderly manner.

The United States flag was not physically damaged in any way. It was folded and given to a school security guard. In its place a tri-colored black, red and green flag generally referred to as the "black liberation flag" was raised while many of those present, including the plaintiffs recited the following pledge:

I pledge allegiance to the black liberation flag and to the cause for which it stands—black people together indivisible for liberation, self-defense, and self-determination. I am prepared to give my life in its defense.

6. At all times before and during the events described in paragraph #5 above plaintiffs and other assembled persons were orderly and peaceful. Upon the raising of the flag and the recitation of the pledge a number of New Orleans Police and one or more representatives of defendant Garrison's office appeared and arrested plaintiffs for flag desecration in violation of La.R.S. 14:116(4). Defendant Garrison subsequently initiated prosecution of plaintiffs in the Criminal District Court for the Parish of Orleans for violation of the flag desecration statute.

7. Plaintiffs have not subsequently been arrested for flag desecration.

■ It is now clear that, given the proper circumstances, a federal court has the power to enjoin a pending state prosecution. The Supreme Court has recently so stated in holding that Title 42 U.S.C. § 1983 [3] is an express exception

---

2. Subsequent to the filing of this lawsuit and the stipulation of facts quoted herein, Clarence B. Giarrusso was appointed Superintendent of Police of the City of New Orleans. As a successor in a public office, he was automatically substituted as a party defendant under the provisions of Fed.R.Civ.P. 25(d).

3. 42 U.S.C. § 1983. Civil action for deprivation of rights

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

to 28 U.S.C. § 2283,[4] the anti-injunction statute. Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

Those seeking an injunction, as well as declaratory relief, during the pendency of a state prosecution must nevertheless comply with the requirements of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and accompanying cases.[5] That is, they must allege and prove irreparable injury that is "both great and immediate."

A prosecution demonstrated to be in bad faith and for the purpose of harassment definitely satisfies the requirement of irreparable injury. While sufficient, however, a showing of bad faith and harassment is not always necessary. *Younger* acknowledges the possibility of "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment." 401 U.S. at 53, 91 S.Ct. at 755.

In the case before us, the plaintiffs make no allegations of bad faith, harassment, or any other special circumstances which would entitle them to relief. They allege simply that the statute under which they are being prosecuted is unconstitutionally broad and vague. Such allegations even if true fail to constitute "extraordinary circumstances." *Younger, quoting in part* from Watson v. Buck, 313 U.S. 387, 400, 61 S.Ct. 962, 85 L.Ed. 1416 (1941) reiterated that:

" 'Federal injunctions against state criminal statutes, either in their entirety or with respect to their separate and distinct prohibitions, are not to be granted as a matter of course,

even if such statutes are unconstitutional.' . . ."

"Moreover, the existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action." 401 U.S. at 46, 51, 91 S.Ct. at 751, 754.

The plaintiffs have made no allegations which would entitle them to relief. The complaint must therefore be dismissed without a consideration on the merits. Star-Satellite, Inc. v. Rosetti, 441 F.2d 650 (5th Cir. 1971); Peoples v. City of Birmingham, 440 F.2d 1352 (5th Cir. 1971); Gordon v. Landrieu, 442 F.2d 926 (5th Cir. 1971); Hudson v. Wanick, 444 F.2d 218 (5th Cir. 1971); Thevis v. Seibels, 464 F.2d 613 (5th Cir. 1972). Accordingly, we dismiss plaintiffs' complaint.

---

4. 28 U.S.C. § 2283. Stay of State court proceedings

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments "

5. Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971).