Robert Alan JONES, Individually, etc.,
Plaintiff-Appellant,

v.

Henry WADE, Individually, etc., and
Frank Dyson, Individually, etc.,
Defendants-Appellees.

No. 72–1481.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1974.

Appeal from the United States District Court for the Northern District of Texas; Joe Ewing Estes, Judge.

Before TUTTLE, WISDOM and SIMPSON, Circuit Judges.

PER CURIAM:

By order dated Nov. 18, 1974, 504 F. 2d 427, this Court vacated its earlier or-

der putting this appeal en banc and, in light of Steffel v. Thompson,[1] remanded the appeal to the panel which had reversed the judgment of the district court.[2] Steffel v. Thompson, reversing and remanding Becker v. Thompson,[3] held that the principles set forth in Younger v. Harris[4] and Samuels v. Mackell[5] are inapplicable when no state prosecution is pending against a complainant seeking federal declaratory or injunctive relief against a threatened prosecution under an allegedly unconstitutional state statute. The Supreme Court held that the complainant need not show prosecutorial harassment or bad faith enforcement by the state and that federal jurisdiction in a declaratory judgment suit did not require that the statute be challenged on its face rather than as applied.

· We reaffirm our judgment reversing and remanding the case to the district court, further proceedings to be consistent with our earlier opinion as modified by the effect of the Supreme Court's holding in Steffel v. Thompson.

1. Steffel v. Thompson, 1974, 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505.

2. Jones v. Wade, 5 Cir. 1973, 479 F.2d 1176.

3. Becker v. Thompson, 5 Cir. 1972, 459 F.2d 919, reh. en banc denied, 1972, 463 F.2d 1338.

4. Younger v. Harris, 1971, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669.

5. Samuels v. Mackell, 1971, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688.